**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | |
| v. | ) | No: 2:08-20340 |
| | ) | |
| **STEVIE NUTTALL,** | ) | |
| | ) | |
| Defendant**.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY AND**
**INSPECTION OF EVIDENCE AND IN THE ALTERNATIVE, TO DISMISS**
**INDICTMENT OR EXCLUDE EVIDENCE**

Before the Court is Defendant Stevie Nutall's ("Defendant") motion to compel discovery and inspection of evidence and in the alternative, to dismiss the indictment or exclude evidence filed on October 8, 2009.  (D.E. #27.)  On October 13, 2009, the Court referred the motion to the United States Magistrate Judge, who issued a report and recommendation on November 19, 2009.  Defendant filed his objections to the Magistrate Judge's recommendation on December 4, 2009, arguing that the recommendation was based exclusively on facts presented by the Government which were unsupported and contested.  On January 7, 2010, the Court issued an order conditionally rejecting the Magistrate Judge's report and recommendation.  The Court held an evidentiary hearing on the matter on February 25, 2010, which was continued on March 2, 2010.  At the hearing, the Court heard from witnesses Officer James Hardin, Detective James Holguin, Casey Freeman, Dawn Richter, ATF Agent Benny Allen, and Jennifer Hoff.  After reviewing de novo the evidence presented at hearing, the summary arguments of the parties'

positions, and the record as a whole, the Court **OVERRULES** Defendant's objections, **ADOPTS** the Magistrate Judge's report and recommendation, and **DENIES** the motion to compel and the alternative motions to dismiss the indictment or exclude evidence.

## I.      Legal Standard

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution.  28 U.S.C. § 636(b); <u>Callier v. Gray</u>, 167 F.3d 977, 980 (6th Cir. 1999).  These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). They may also include dispositive matters, such as a motion to dismiss or quash an indictment made by the defendant or a motion to suppress evidence.  <u>Id.</u>  However, when a dispositive matter is referred, the magistrate judge's authority only extends to issuing proposed findings of fact and recommendations for disposition, which the district court may adopt or not.  28 U.S.C. § 636(b)(3).  The district court has appellate jurisdiction over any decision the magistrate judge issues pursuant to such a referral.  28 U.S.C. § 636(b).  The standard of review that is applied by the district court depends upon the nature of the matter considered by the magistrate judge.  If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). However, if the magistrate judge's order was issued in response to a dispositive motion or prisoner petition, the district court should engage in a de novo review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A).

## II.     Witnesses' Testimony

At the hearing, the Court heard from several witnesses regarding the weapon in question and its chain of custody.

First, James Harden, an officer with the Memphis Police Department ("MPD") for twelve years, testified to his involvement in the arrest of Defendant.  He stated that he documented the arrest by writing an affidavit and arrest ticket and submitted this information to the police department headquarters at 201 Poplar.  Officer Harden testified he had no knowledge of the gun after he submitted it to the MPD Property Room.

Detective Jonas Holguin, a member of the Project Safe Neighborhood Team of the MPD, testified that he investigates gun crimes and processes guns for fingerprints.  Detective Holguin testified that he processed the gun involved in this case because another officer, Sergeant Hulley, was unavailable[1].  Detective Holguin processed the gun on June 30, 2008.  Detective Holguin testified that he went to the MPD property room himself, to retrieve the gun.

Casey Freeman, a property room supervisor at the MPD, testified to the procedure used to inventory weapons.  He stated that when a weapon is brought to the property room, it is tagged and assigned a number, which is entered into the computer.[2]  Freeman testified that he misread the number assigned to the weapon in question on November 7, 2008[3], and placed the gun in the wrong place.  Freeman realized the error in June 2009 when attorneys for the government and Defendant visited 201 Poplar to inquire about the location of the gun.

Dawn Richter, who worked for the Criminal Court Clerk's Office in the property and evidence room, was responsible for the input of property inventory information.  She described the procedures used to record property placed in storage.  Richter first became aware of the

---

[1] The processing request was filed on June 25, 2008.
[2] MPD personnel are required to show their identification when they check out a gun for any purpose.
[3] Freemen read the number as #080501482, when the number was #080501432.  (Ex. 4.

discrepancies with the gun when the United States Assistant Attorney ("AUSA") managing the case contacted her in May 2009.   After researching the matter and finding the error in the property receipt, Richter corrected the property receipt instead making a new one, and threw away the original receipt.   Richter left the old date on the corrected form, although she made the changes on June 1, 2009.   She testified that no one has spoken to her about the case except for attorneys for the Government and Defendant, the case agent, and the investigator hired by Defendant's counsel.

ATF Agent Benny Allen, case agent for this matter, testified that he contacted the AUSA assigned to the case via email and phone about the discrepancy with the gun.   Agent Allen then investigated the matter by speaking to Freeman and Richter.   After discussing the issue with Richter, Allen confirmed its serial number and Richter traced the error.   Agent Allen told MPD property room staff to "do what you have to do" in order to correct the error.   Agent Allen also testified that he usually does not see the gun until trial

Jennifer Hoff, an investigator employed by Inquisitor, Inc. testified about her investigation of the matter.   Hoff was hired by Defendant's counsel to investigate the chain of custody issue with respect to the weapon.   Hoff went to 201 Poplar and spoke with Richter, whom she was familiar with from other investigations.   Hoff compared the documents that she had been provided by defense counsel with the documents from the state property room.   Hoff testified that Richter admitted to her that she had altered the property receipt and thrown the old copy away.   Ms. Hoff testified that Ms. Richter was willing to provide a statement in the presence of her supervisor.

### III.     Conclusion

After reviewing the record de novo and the relevant case law, the Court adopts the Magistrate Judge's conclusions of law as its own.  It is apparent to the Court that the employees in the state property room were less than meticulous with the documentation of the firearm in question.  While it was necessary for new documents to be made to correct the error, it was unwise for the original form to be discarded.  An accurate paper trail would have alleviated the confusion that subsequently occurred.

The fact that the Government was in contact with employees from the MPD property room custodians earlier and on a more consistent basis than Defendant's counsel does not indicate any inappropriate conduct.  The Court finds that Defendant's argument that the Government's actions were an affront to the discovery process is not well taken.  There is no evidence to suggest that the United States set in motion any actions that created the discrepancies.  While Agent Allen's zeal to resolve the error in the gun designation may have caused him to use words that were susceptible to misinterpretation, the Court finds that Agent Allen did not direct anyone to take illegal or otherwise inappropriate actions.  Rather, Agent Allen conveyed a sense of urgency so that the errors would be quickly corrected.

In conclusion, the Court finds that none of the facts in the record raise sufficient doubt with respect to the chain of custody of the firearm in question to suppress the evidence or dismiss the indictment.  Issues in the chain of custody, or in the words of defense counsel, "substantial questions regarding potential misidentification," are issues for a jury and may be raised at trial.

Defendant possesses comparable evidence to the original receipt and the unavailability of the document does not violate Defendant's due process rights.  Further, Defendant has failed to show a reasonable possibility of misidentification, or that a break in the chain of custody

occurred.  For the aforementioned reasons, and for the reasons stated in the Magistrate Judge's report and recommendation, Defendant's motion to compel and his alternative motion to dismiss the indictment or to exclude evidence is **DENIED**.

      **IT IS SO ORDERED** this  25th day of March, 2010.

s/Bernice Bouie Donald
**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT JUDGE**